UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JAN MICHAEL WALLACE
GINGER ANN WALLACE                                        CASE NO. 07-50171

DEBTORS

## MEMORANDUM OPINION

This matter having come before the court upon the United States Trustee's Motion for Dismissal Pursuant to 11 U.S.C. § 707(b)(3)(DOC 38), and the matter having been heard by the court on October 29, 2007, the court issues this Memorandum Opinion.

This matter is submitted to the court on the issue of whether it would be an abuse of the provisions of the Bankruptcy Code to allow the Debtors to remain in Chapter 7 and grant the Debtors a discharge.

Findings of Fact.

A. Joint Stipulations of Debtors and the Office of the United States Trustee. Prior to trial, on October 27, 2007, joint stipulations of undisputed facts were submitted to the court (DOC 60). The following undisputed facts were important to the court in reaching its decision:

(1) Mr. Wallace has worked primarily in the automotive industry since 1979.

(2) From the years 1994-2006, joint income of the Debtors ranged from $45,002.00 to $141,481.00; Debtors income exceeded $93,000.00 for 11 of those 13 years.

(3) Debtors refinanced their residence, drawing sufficient equity to consolidate a substantial portion of their credit card debt.

      (4) Mr. Wallace withdrew $23,200.00 from his retirement account to service debt.

      (5) Mr. Wallace later withdrew the remaining $9,458.60 from his retirement account to pay debt.

      (6) In October, 2006, Mr. Wallace lost his job as General Manager for Gates Nissan where his weekly salary was $1,000.00 plus commission which could range up to $10,000.00 per month.

      (7) In December, 2006, Mr. Wallace began a job as an internet salesman for Toyota South on a commission only basis.

      (8) Debtors filed their bankruptcy petition on January 31, 2007.

    B. <u>The Trial</u>. The following facts introduced at trial were important to the court in reaching its decision:

      (1) Mr. Wallace testified that he was optimistic in 2006 about the chances of him getting larger commissions.

      (2) Mr. Wallace testified that he received $39,000.00 from MBNA that he used to pay unsecured debt.

      (3) Mr. Wallace testified that when he lost his job in October, 2006, that it came without warning.

      (4) Mr. Wallace testified that he did not decide to file bankruptcy until January, 2007.

      (5) Mr. Wallace testified that he paid his bills on time until losing his job in October, 2006.

      (6) Mr. Wallace testified that he paid approximately $77,000.00 on revolving debt in 2006.

      (7) Mr. Wright, a bankruptcy analyst testified that he could not find where the Debtors concealed assets or income, and that he could not find any bankruptcy fraud on the part of the Debtors.

(8) However, Mr. Wright testified that he believed that the filing of the bankruptcy petition was misconduct on the part of the Debtors because the debt that the Debtors incurred was so great that the Debtors would never be able to repay it. This testimony is based in large part on an affidavit filed by Mr. Wright prior to the trial (DOC 48) wherein Mr. Wright testified that the Debtors increased their revolving consumer debt by $95,782.52 during the period of December 31, 2005 through December 31, 2006, and that the Debtors owed an additional $388,322.54 in additional unsecured debt because of secured loan amounts exceeding the value of the asset securing the loan.

Conclusions of Law. The court has jurisdiction to hear and determine the motion pursuant to 28 U.S.C. § § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. The United States Trustee has standing to bring this motion pursuant to 11 U.S.C. § 707(b)(3).

"In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider – (A) whether the debtor filed the petition in bad faith;" 11 U.S.C. § 707(b)(3)(A).

"Dismissal based on lack of good faith must be undertaken on an *ad hoc* basis. *In re Brown*, 88 B.R. at 284. It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." In re Zick, 931 F.2d 1124, 1129 (6th Cir. 1991).

In the present case, there are no allegations of concealed assets

or concealed income, or intentional avoidance of a large single debt. Rather the U.S. Trustee argues that the Debtors maintained a lavish lifestyle, and had excessive and continued expenditures that rise to a level of misconduct indicating abuse of the provisions of the Bankruptcy Code. The U.S. Trustee relies on three cases to make its argument: In re Kamen, 231 B.R. 275 (Bankr. N.D. Ohio 1999), In re Kornfield, 164 F.3d. 778 (2nd Cir. 1999), and In re Bacco, 160 B.R. 283 (Bankr. W.D. Pa. 1993).

All three of the cases cited by the U.S. Trustee have significant facts that are different from the present case. One of the significant facts in Kamen was that the debtor was an experienced accountant who should have followed a budget. Mr. Wallace is a car salesman. A significant fact in Kornfeld was that the debtor had substantial future income to pay debts. There is no evidence that Mr. Wallace will have substantial future income. A significant fact in Bacco was an allegation of dishonesty on the part of the Debtor in filling out his schedules. No similar accusation exists in the case before us.

The court agrees with the U.S. Trustee that significant debts were incurred prior to the bankruptcy filing, and that the ability of the Debtors to ever repay all of those debts would have seemed very unlikely to a prudent person in their position. However, the following facts mitigate against a finding of abuse: Debtors have a history of mostly large income and expected even greater income, Debtors refinanced their house and withdrew retirement savings to pay debt, and Debtors paid approximately $77,000.00 on revolving debt in 2006.

For the above reasons, a dismissal of the bankruptcy case is not warranted.

The court having made the foregoing Findings of Fact and

Conclusions of Law will issue a separate order denying the U.S.

Trustee's Motion for Dismissal Pursuant to 11 U.S.C. §

707(b)(3)separately.

Tracey N. Wise, Esq.
Rachelle Williams, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:
_Joseph M. Scott_
Bankruptcy Judge
Dated: Monday, November 05, 2007
(jms)**